UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL INCOME AND GROWTH FUND, LLC,<br><br>  Plaintiff,<br><br>   v.<br><br>BERNARD CLARK,<br><br>  Defendant. | No. 2:15-cv-01172-GEB-AC<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff Capital Income and Growth Fund, LLC commenced an unlawful detainer action in the Tuolumne County Superior Court on November 4, 2014. ECF No. 1 at 7.[1] Defendant removed this action on May 29, 2015, purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis. ECF Nos. 1 & 2. Plaintiff then filed a motion to remand on June 8, 2015, with a hearing scheduled for July 15, 2015. ECF No. 6. Defendant has submitted the affidavit required by § 1915(a) showing that defendant is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system where available.

1

pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.

Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the Tuolumne County Superior Court.  ECF No. 1 at 7–10.  The complaint contains a single claim for unlawful detainer.  Id.  In defendant's removal notice, he asserts that federal question jurisdiction exists under 15 U.S.C. § 1601, *et seq.*, otherwise known as the Truth in Lending Act ("TILA"), and "Regulation Z."[2]  Id. at 2.  Plaintiff's complaint for unlawful detainer, however, does not state claims under TILA or any other federal law.

It is possible that defendant means to assert subject matter jurisdiction by alleging plaintiff violated TILA during its pursuit of the underlying unlawful detainer claim.  Even if that were the case, however, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court.  See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint

---

[2]  Plaintiff does not reference any statute in relation to Regulation Z, or otherwise explain what Regulation Z is.

1 indicates that the only cause of action is one for unlawful detainer, which arises under state law
2 and not under federal law. Thus, this action does not arise under federal law, and jurisdiction
3 under 28 U.S.C. § 1331 does not exist.

4 Based on the foregoing, IT IS HEREBY ORDERED that

5 1. Defendant's motion to proceed in forma pauperis, ECF No. 2, is granted; and
6 2. The court's July 15, 2015, hearing on plaintiff's motion to remand, ECF No. 6, is
7 VACATED.

8 IT IS FURTHER HEREBY RECOMMENDED that

9 1. This action be remanded to the Tuolumne County Superior Court; and
10 2. Plaintiff's motion to remand, ECF No. 6, be DENIED as moot.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a
15 document should be captioned "Objections to Magistrate Judge's Findings and
16 Recommendations." Any response to the objections shall be filed with the court and served on all
17 parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file
18 objections within the specified time may waive the right to appeal the District Court's order.
19 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57
20 (9th Cir. 1991).

21 DATED: June 10, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE